UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STANLEY MEDEIROS,
        Plaintiff

v.                                    Case No.:

DISCOVER FINANCIAL SERVICES, LLC
        Defendant

**PLAINTIFFS' STATEMENT OF CLAIM**

1. COMES NOW the Plaintiff, Stanley Medeiros and hereby respectfully submits his Statement of Claim. The Defendant Discover Financial Services, LLC, 2500 Lake Cook Road, Riverwoods, IL 60015 is a credit lender and as such governed under the law by The Fair Credit Reporting Act 15 USC §1681, *et seq.* and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis all national credit reporting agencies. The State of Massachusetts abides by and adheres to these laws thus establishing the jurisdiction of this honorable court specifically the Fair Credit Reporting Act § 618 [15 USC § 1681p], *et seq.* The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here. But the fact as to how it was or was not verified and wrongful actions of the Defendant in inserting erroneous and inaccurate information and failure to indicate the account is in dispute in the Plaintiffs credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq.*

2. The Plaintiff obtained copies of his Experian, TransUnion and Equifax credit reports off the internet on or about 12/25/08. Upon inspection of the said reports the Plaintiff observed that Discover Financial Services, LLC was listed on the Plaintiff's Experian, TransUnion and Equifax credit reports indicating debt/account due to Discover Financial Services, LLC. Discover Financial Services, LLC has never contacted the Plaintiff at any time prior to today's date with any allegations of any alleged debt/account.

3. The Plaintiff has not now or ever had any business affiliation or relationship with Discover Financial Services, LLC has never applied for any type of mortgage, loan, credit card or insurance or employment reasons with the Defendant.

4. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on December 26, 2008 which the Defendant received on December 29, 2008 asking for proof of the alleged account. The derogatory erroneous and inaccurate information still remains on the Plaintiff's Experian, TransUnion and Equifax credit reports to date.

5. The Plaintiff also requested confirmation/disputed the alleged account with Experian, Trans Union and Equifax and they all have indicated that they are reporting it correctly as advised to Experian, TransUnion and Equifax by Discover Financial Services, LLC.

6. The Defendant must also inform notice of dispute to the Major Credit Reporting agencies that the alleged debt is in dispute, which the Defendant has not done. The Defendant has continued reporting inaccurate and erroneous information on the Plaintiff's credit Experian, TransUnion and Equifax credit reports even after informing the Defendant of this and asking for proof of any accounts and has done so to-date. The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. § 1681s-2], *et seq*. As follows:

A. Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute and failing to do so for the past four months.

B. Updating the Plaintiff's credit report over the past four months with this erroneous and inaccurate information.

7. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 6

## COUNT 1
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

8. According to the Fair Credit Reporting Act, section 623.

**Responsibilities of furnishers of information to consumer reporting agencies** [15 U.S.C. § 1681s-2]:

(a) Duty of Furnishers of Information to Provide Accurate Information.

(1) Prohibition.

(A) *Reporting information with actual knowledge of errors.* A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) *Reporting confirmation of errors.* A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) *Duty to correct and update information.* A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) *Duty to provide notice of dispute.* If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

9. The information from Discover Financial Services, LLC on the Experian, TransUnion and Equifax credit reports of the Plaintiff does not reflect that the information is disputed by the consumer.

10. According to the Fair Credit Reporting Act, section 616.

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

11. Plaintiff demands Judgment in the amount of $12,000.00 for each month the Defendant violated the act by updating the Plaintiffs Experian, TransUnion and Equifax credit reports with erroneous and inaccurate information.

12. Plaintiff re-alleges the allegations set forth in paragraphs 8 through 11.

## COUNT 2
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

13. According to the Fair Credit Reporting Act, section 623.

**Responsibilities of furnishers of information to consumer reporting agencies** [15 U.S.C. § 1681s-2]:

(a) Duty of Furnishers of Information to Provide Accurate Information.

(1) Prohibition.

(A) *Reporting information with actual knowledge of errors.* A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) *Reporting information after notice and confirmation of errors.* A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) *Duty to correct and update information.* A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

14. Plaintiff demands Judgment in the amount of $12,000.00 for each month the Defendant has failed to report the alleged account in dispute.

15. Plaintiff re-alleges the allegations set forth in paragraphs 13 through 14.

16. Plaintiff has notified defendant Discover Financial Services, LLC by certified mail that the Plaintiff disputes the inaccurate information.

17. Defendant Discover Financial Services, LLC continues to report the alleged debt on the Plaintiff's Experian, TransUnion and Equifax credit reports to date.

18. According to the Fair Credit Reporting Act, section 616.

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) *In general.* Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000,

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

19. Plaintiff has a negative Experian credit score of 668, a negative TransUnion credit score of 668 and a negative Equifax score of 672 as of this date and has been denied credit and at reasonable rates because of the willful noncompliance actions erroneous and inaccurate reporting and/or inaction's of the Defendant.

20. According to the Fair Credit Reporting Act, section 617.

**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) *In general.* Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

21. Plaintiff has a negative Experian credit score of 668, a negative TransUnion credit score of 668 and a negative Equifax credit score of 672 of as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction's of the Defendant. Plaintiff has suffered injury in the form of Defamation of character.

22. THEREFORE, Plaintiff requests Judgment against Defendant for damages of $50,000.00 plus costs and fees and punitive damages as allowed by the court.

23. Defendant Discover Financial Services, LLC has never obtained verification of the account or mailed/provided such verification to the Plaintiff.

24. WHEREFORE, the Defendant has violated the Fair Credit Reporting Act. Plaintiff demands Judgment in the amount of $24,000 plus all costs of this action along with punitive damages in the amount of $50,000.00

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted this 7th day of May 2009.

_Stanley Medeiros_
Stanley Medeiros, Plaintiff
120 West Main St., Apt. C29
Norton, MA 02766
(508) 285-6290